JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CLARICE DAVIS, | ) | Case No. CV 13-8937 FMO (PLAx) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| | ) | |
| STAPLES, INC, et al., | ) | |
| Defendants. | ) | |

On May 9, 2013, Clarice Davis ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Ventura against defendants Staples the Office Superstore, LLC (erroneously sued as Staples, Inc.) ("Staples"), Travis Johnson, and Does 1-10 (collectively, "defendants").  On December 4, 2013, Staples filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.  (See Notice of Removal ("NOR") at ¶ 1).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter

---

[1]  28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1   jurisdiction may not be waived, and, indeed, we have held that the district court must remand if

2   it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule

3   of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter

4   jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.");

5   Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

6   may remand an action where the court finds that it lacks subject matter jurisdiction either by

7   motion or sua sponte).

8        A removing defendant bears the burden of establishing that removal is proper.  See Gaus

9   v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal

10  jurisdiction means that the defendant always has the burden of establishing that removal is

11  proper.") (internal quotation marks and citations omitted).  Moreover, if there is any doubt

12  regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor

13  of remanding the action to state court.  See id. ("Federal jurisdiction must be rejected if there is

14  any doubt as to the right of removal in the first instance.").

15       Here, the court's review of the Notice of Removal and the attached state court complaint,

16  (see, generally, NOR & Exh. 1 ("Complaint")), make clear that this court has neither federal

17  question nor diversity jurisdiction over the instant matter.  In other words, plaintiff could not have

18  originally brought this action in federal court, in that plaintiff does not competently allege facts

19  supplying either federal question or diversity jurisdiction, and therefore removal was improper.

20  See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429

21  (1987) ("Only state-court actions that originally could have been filed in federal court may be

22  removed to federal court by the defendant.") (footnote omitted).

23       First, there is no basis for federal question jurisdiction, as the state court complaint contains

24

25  [2] 28 U.S.C. § 1441(a) provides that:

26      Except as otherwise expressly provided by Act of Congress, any civil action
        brought in a State court of which the district courts of the United States have
27      original jurisdiction, may be removed by the defendant or the defendants, to
        the district court of the United States for the district and division embracing
28      the place where such action is pending.

1   only state law causes of action for:  (1) wrongful termination in violation of public policy; (2)

2   violation of Government Code §§ 12945.2 & 19702.3, California's Family Rights Act; (3) violation

3   of Government Code § 12940(j), hostile environment harassment on the basis of race; (4) violation

4   of Government Code § 12940(k), failure to prevent discrimination, retaliation and harassment; (5)

5   violation of Government Code § 12940(h), retaliation; and (6) disability discrimination in violation

6   of Government Code § 129000, et seq.  (See, generally, Complaint).  Each of these claims is

7   based solely on California common law and statutes.  (See, generally, id.).  In short, the Complaint

8   discloses no federal statutory or constitutional question.  See Caterpillar, 482 U.S. at 392, 107

9   S.Ct. at 2429 (Removal pursuant to Section 1331 "is governed by the 'well-pleaded complaint

10  rule,' which provides that federal question jurisdiction exists only when a federal question is

11  presented on the face of plaintiff's properly pleaded complaint."); Taylor v. Anderson, 234 U.S. 74,

12  75-76, 34 S.Ct. 724, 724 (1914) (stating that federal question jurisdiction "must be determined

13  from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration,

14  unaided by anything alleged in anticipation or avoidance of defenses which it is thought the

15  defendant may interpose").

16         Second, there is no basis for diversity jurisdiction because the amount in controversy does

17  not appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.[3]  The

18  amount of damages that plaintiff seeks is unclear from the Complaint, since the Complaint states

19  that plaintiff seeks damages "according to proof," rather than a specific number.  (See Complaint

20  at 9).  Staples bears the burden of proving by a preponderance of the evidence that the amount

21  in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115,

22  1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090

23  (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than

24  $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence,

25  that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right

26  _____

27         [3]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original
     jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
28   $75,000, exclusive of interest and costs."

1   to removal exists, a case should be remanded to state court.") (footnotes and citations omitted).

2        Here, Staples states that if "Plaintiff remains unemployed, she may be seeking a total of

3   approximately 18 months (78 weeks) of lost wages, or more than $61,000 ($19.58/hr x 40 hrs. x

4   78 wks. = $61,089.60)."  (NOR at ¶ 44).  Staples also calculates medical and other benefits

5   plaintiff received during her employment, in addition to her wages, at $134.13 per week, for a total

6   of $10,462.14 ($134.13/wk. x 78 wks. = $10,462.14).  (See id. at ¶ 45).  Even accepting Staples'

7   assumption that plaintiff will remain unemployed, Staples' calculations for plaintiff's lost wages and

8   benefits add up to only $71,551.74, (see id.), which is below the $75,000 threshold.  Staples

9   argues that "front pay awards in California can span a number of years," (see id. at ¶ 46) and that

10   "if Plaintiff seeks to recover an award of front pay, she potentially could recover more than $50,000

11   in additional lost income."  (See id.).  However, it is speculative to assume that plaintiff will in fact

12   seek to recover an award of front pay when front pay is not explicitly demanded in the Complaint.

13   (See, generally, Complaint).

14        Staples also asserts that emotional distress damages are "a potential element of damages

15   under the FEHA" and that "Plaintiff's potential recovery of emotional distress damages could add

16   at least $25,000 to the amount in controversy."  (NOR at ¶ 47).  However, even if emotional

17   distress damages are potentially recoverable under FEHA, Staples itself acknowledges that

18   "Plaintiff's Complaint does not expressly state that she is seeking emotional distress damages,"

19   (id.), and it would therefore also be speculative to include these damages in the total amount in

20   controversy.

21        Plaintiff seeks an unspecified amount of punitive damages, (see Complaint at 9), which may

22   be included in the amount in controversy calculation.  See Gibson v. Chrysler Corp., 261 F.3d 927,

23   945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002) ("It is well established that punitive

24   damages are part of the amount in controversy in a civil action.").  Staples argues that because

25   a single-digit ratio is typically appropriate for an award of punitive damages, "the amount in

26   controversy on the punitive damages component of Plaintiff's claims is anywhere between $71,551

27   (a multiple of 1) and $643,959 (a multiple of 9), or more."  (NOR at ¶¶ 48-49).  "However, the mere

28   possibility of a punitive damages award is insufficient to prove that the amount in controversy

1  requirement has been met." <u>Burk v. Med. Sav. Ins. Co.</u>, 348 F.Supp.2d 1063, 1069 (D. Ariz.

2  2004); <u>see</u> <u>Geller v. Hai Ngoc Duong</u>, 2010 WL 5089018, *2 (S.D. Cal. 2010) (same); <u>J.</u>

3  <u>Marymount, Inc. v. Bayer Healthcare, LLC</u>, 2009 WL 4510126, *4 (N.D. Cal. 2009) (same).

4  Rather, a defendant "must present evidence that punitive damages will more likely than not

5  exceed the amount needed to increase the amount in controversy to $75,000.  Removing

6  defendants have established probable punitive damages, for example, by introducing evidence

7  of jury verdicts in analogous cases." <u>Burk</u>, 348 F.Supp.2d at 1069.

8       Here, Staples has not provided evidence of punitive damages awards in any similar cases,

9  so inclusion of punitive damages in the amount in controversy would be improper.  <u>See</u> <u>Burk</u>, 348

10  F.Supp.2d at 1070 ("Here, Defendant not only failed to compare the facts of Plaintiff's case with

11  the facts of other cases where punitive damages have been awarded in excess of the jurisdictional

12  amount, it failed even to cite any such cases. . . .  This is insufficient to establish that it is more

13  likely than not that a potential punitive damage award will increase the amount in controversy

14  above $75,000."); <u>Killion v. AutoZone Stores Inc.</u>, 2011 WL 590292, *2 (C.D. Cal. 2011)

15  ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt

16  to analogize or explain how these cases are similar to the instant action.  Simply citing these cases

17  merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or

18  probable in this case.  Therefore, Defendants' inclusion of punitive damages in the calculation of

19  the jurisdictional amount is speculative and unsupported.").

20       Plaintiff's Complaint includes a claim for attorney's fees.  (<u>See</u> Complaint at 9).  "Where an

21  underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary

22  language, such fees may be included in the amount in controversy."  <u>Lowdermilk v. U.S. Bank</u>

23  <u>Nat'l Ass'n</u>, 479 F.3d 994, 1000 (9th Cir. 2007), <u>overruled on other grounds as recognized by</u>

24  <u>Rodriguez v. AT&T Mobility Serv. LLC</u>, 728 F.3d 975, 976-77 (9th Cir. 2013).  Staples argues that

25  "in determining whether the amount in controversy exceeds $75,000, the Court may estimate the

26  amount of reasonable attorney's fees that Plaintiff would incur through trial if she were to prevail

27  on her claims."  (NOR at ¶ 51).  Staples states that "[a]t an assumed rate of $300 per hour,

28  Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate

1    of time spent through trial) to incur $75,000.00 in reasonable attorney's fees," and that "attorney's

2    fees awards in employment matters often exceed $75,000."  (Id. at ¶ 52).

3        However, "courts are split as to whether only attorneys' fees that have accrued at the time

4    of removal should be considered in calculating the amount in controversy, or whether the

5    calculation should take into account fees likely to accrue over the life of the case." Hernandez v.

6    Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB

7    Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Ore. 2012) ("The Ninth Circuit has not yet

8    expressed any opinion as to whether expected or projected future attorney fees may properly be

9    considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute,

10   and the decisions of the district courts are split on the issue.").  The court is persuaded that "the

11   better view is that attorneys' fees incurred after the date of removal are not properly included

12   because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin

13   City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego v. Dow Chem. Co., 443 F.3d

14   676, 690 (9th Cir. 2006)).  Indeed, "[f]uture attorneys' fees are entirely speculative, may be

15   avoided, and are therefore not 'in controversy' at the time of removal." Id.; Palomino v. Safeway

16   Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011) ("This court agrees with the Seventh Circuit and

17   concludes that the better view is that attorneys' fees incurred after the date of removal are not

18   properly included in calculating the jurisdictional amount.").  Here, Staples provides no evidence

19   of the amount of attorney's fees that were incurred at the time of removal.  (See, generally, NOR).

20   Therefore, Staples has not shown by a preponderance of the evidence that the inclusion of

21   attorney's fees would cause the amount in controversy to reach the $75,000 threshold.  See

22   Walton v. AT&T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (Declining to reach the issue of

23   whether future attorney's fees could be considered in the amount in controversy because the

24   defendant "did not provide any factual basis for determining how much attorney's fees have been

25   incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

26       Given that any doubt regarding the existence of subject matter jurisdiction must be resolved

27   in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not

28   persuaded, under the circumstances here, that Staples has met its burden of proving by a

1  preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.

2  See Valdez, 372 F.3d at 1117 ("Since it [was] not facially evident from the complaint that more

3  than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the

4  evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation

5  marks and citations omitted); see also Matheson, 319 F.3d at 1090-91 ("Conclusory allegations

6  as to the amount in controversy are insufficient.").  At most, Staples has shown that $71,551.74

7  is in controversy.  Therefore, there is no basis for diversity jurisdiction.  See 28 U.S.C. § 1332(a).

8       **This order is not intended for publication. Nor is it intended to be included in or**

9  **submitted to any online service such as Westlaw or Lexis.**

10                                **CONCLUSION**

11       Based on the foregoing, IT IS ORDERED that:

12       1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

13  California for the County of Ventura, 800 S. Victoria Avenue, Ventura, California 93009, for lack

14  of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

15       2.  The Clerk shall send a certified copy of this Order to the state court.

16  Dated this 3rd day of January, 2014.

17

18                                        /s/
                                    Fernando M. Olguin
19                              United States District Judge

20

21

22

23

24

25

26

27

28